## Ex Parte Dave C. Stevens.

### No. 8709.  Decided May 14, 1924.

**Habeas Corpus—Rape—Insufficiency of the Evidence.**

Where, upon trial of *habeas corpus* for bail on the charge of rape, it must be held that however reprehensible the conduct of relator may have been, the proof is not evident that the offense of rape was committed, and under the circumstances the relator is entitled to be released upon bail.

Appeal from the District Court of Eastland.  Tried below before the Honorable E. A. Hill.

Appeal from a habeas corpus proceedings denying bail.

The opinion states the case.

*J. R. Stubblefield, Black & Morrow,* for appellant.  Cited: Ex Parte Boyett, 19 Texas Crim. App., 17; Ex Parte Russell, 71 Texas Crim. Rep., 377; Ex Parte Townsley, 87 id.,ʼ 252; Ex Parte Hill, 83 id., 146; Ex Parte Newman, 38 id., 166; Ex Parte Ray, 86 id., 582; Williams v. State, 225 S. W. Rep., 173.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—From an order of the district judge denying bail relator appeals.

The indictment charges in the first count rape upon Gladys Jackson, in the second count attempt to rape, and in the third assault with intent to rape the same party.  If relator is not to be granted bail it must be so because the proof is evident that he is guilty of rape under the first count and would probably be given the death penalty, the offenses charged in the two other counts not being capital in their nature.

Relator is a married man and while not related to the Jackson family, appears to have been called Uncle Dave.  Gladys Jackson was only five years of age.  Her testimony is that she went with relator to see her aunt and while returning he committed the assault upon which this prosecution is based.  We quote from her testimony upon the material points:

"He laid me down on a big rock and stuck something in me.  It hurt me very bad.  It made me wet my clothes. . . . He was sitting down and I was lying down.  He was on his knees.  I was on a rock about a foot from the ground. . . . He just pressed against me one time—a long time. . . . He told me not to tell

mama. He did not get on top of me but just got on his knees. It did not hurt enough to make me cry and all he said was not to tell mama."

The child made a report to her mother soon after reaching home and the mother took her that night to the family physician who made an examination that night and also the next morning. As the action of this court must depend upon the testimony of the child and of the doctor we quote from the latter as follows:

"My name is W. P. Lee. Mr. L. J. Starkey came to my residence and asked me to examine a child, upon whom it is alleged that rape had been committed. I examined the child whom I am informed is Gladys Jackson, somewhere between eight and nine o'clock in the evening at my office. I found no abrasions on the external parts of the child. In examining the vulva I found the lips were a little apart. The vulva orifice was slightly open. I found no abrasions or bruises that I could detect, upon the lips or labia of the vulva. The orifice of the hyman was large enough to admit the end of the index finger, that being an abnormal condition of a child of that age. I found no hemorrhage, no blood or discharge. I examined the child the next morning at the time I examined the older child. At this examination I extended the examination a little further. I made a smear at this examination by taking a secretion from the vagina, with a match. Upon my examination I found no spermatoza, the male secretion, the impregnation portion of the male. This examination of the secretion was made under a microscope. It is hardly possible that intercourse could have been made with the child without leaving more abrasions, however, an attempt could have been made. There was no irritated condition of the parts. The private parts of a child of this age are more tender than that of older children."

If appellant was guilty of any improper conduct toward a child of the tender age of prosecutrix it could not be too severely condemned, but that is not the question for this court now to decide. The examination of the doctor having been made so shortly after the alleged assault it is likely if there had been penetration by an adult male upon the person of a child five years old evidence thereof would have been discovered which could have left little or no doubt. The physician says there were no abrasions or bruises that could be detected upon the lips of the vulva, no hemorrhage, no blood, no discharge of any character. His conclusion was that it was hardly possible that intercourse could have been had with the child without leaving abrasions, but that an attempt might have been made. He draws this conclusion from the fact that there was no irritation of the parts, although the private parts of a child of that age are more tender than those of older children.

However reprehensible the conduct of relator may have been, the proof is not evident that the offense of rape was committed.  Under those circumstances relator is entitled to be released upon bail.

The judgment denying bail is reversed, and bail now fixed at $7500.

*Bail granted.*